IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE ) | |
| COMPLAINT OF ) | |
| ) | CASE NO. 12-00390-KD-N |
| NATURES WAY MARINE, LLC, ) | |
| Owner of the Tank Barge NWM 431 or ) | IN ADMIRALTY / RULE 9(h) |
| AO 431 (Hull No. D 557753) for Exoneration ) | |
| from or Limitation of Liability ) | |

**ORDER**

On October 31, 2011, Charles Brunson ("Brunson") commenced a lawsuit against Apex/FCC, LLC ("Apex") in the Circuit Court of Mobile County, Alabama alleging that he was exposed to toxic chemicals and sustained certain injuries while working for FlexiCrew Staffing, Inc. ("FlexiCrew") on a barge that, at the time of said injuries, was moored to Apex's dock in the Theodore Industrial Canal. (Doc. 9-1 at 1). On April 17, 2012, Brunson added as a defendant the barge owner, Natures Way Marine, LLC ("NWM"). (Id.). Nearly two months later, pursuant to Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and 46 U.S.C. §§ 30501 *et seq.*, NWM commenced the instant proceeding by filing a complaint for exoneration from or limitation of liability. (Doc. 1). This Court promptly enjoined and stayed any and all actions against NWM with respect to the incident described in Brunson's state court complaint. (Doc. 5 at 3). On or before the July 18, 2012 deadline set by the Court (id. at 2), Brunson, Apex, FlexiCrew, and Commerce & Industry Insurance Company ("Chartis") each answered NWM's limitation complaint and filed claims against NWM. (Docs. 7, 12, & 14). Subsequently, NWM asserted a counterclaim against FlexiCrew, and FlexiCrew asserted a crossclaim against Apex. (Docs. 25 & 32).

1

This matter is now before the Court on Brunson's motion to lift the aforementioned stay (Doc. 9), Brunson's motion to expedite a decision on his motion to lift the stay (Doc. 17), NWM's motion to strike certain supplemental stipulations that Brunson has offered (Doc. 23), and NWM's motion to strike Brunson's demand for trial by jury (Doc. 28).[1]  Brunson's motion to expedite (Doc. 17) is **DENIED as moot**, NWM's motion to strike Brunson's stipulations (Doc. 23) is **DENIED as moot**, and NWM's motion to strike Brunson's jury demand (Doc. 28) is **GRANTED as uncontested**.  Only Brunson's motion to lift the limitation stay warrants more substantive discussion.

I.      Legal Context

In Beiswenger Enterprises Corp. v. Carletta, 86 F.3d 1032 (11th Cir. 1996), the Eleventh Circuit explained the history and operation of Limitation of Liability Act of 1851, which allows a vessel owner faced with liability for a maritime accident to petition the federal courts for protection from liability in excess of the value of his or her interest in the vessel and its pending freight:

> After the vessel owner deposits with the court an amount representing the value of the vessel and its freight (the "limitation fund"), the district court stays all related claims against the vessel owner pending in any other forum, and directs all potential claimants to file their claims against the vessel owner in the district court within a specified period of time.  When the damage claims have been filed, the district court proceeds to resolve the vessel owner's claim to limited liability.  In a typical limitation proceeding, the court undertakes the following two-step analysis.  First, the court must determine what acts of negligence or conditions of unseaworthiness caused the accident.  Second, the court must determine whether the shipowner had knowledge or privity of those same acts of negligence or conditions of unseaworthiness.  The damage claimants bear the initial burden of establishing liability, and the shipowner then bears the burden of establishing the

---

[1] Brunson also filed a supplemental motion to lift stay (Doc. 16) and a supplemental motion to expedite (Doc. 22).  However, both of these "motions" were docketed as memoranda in support of Brunson's previously filed motions.  Though the Court considers the arguments expressed in the supplemental motions (as well as NWM's arguments in response), it considers those motions to be incorporated into the initial motions adjudicated by this order.

>   lack of privity or knowledge. If the vessel owner is found liable, but limitation is granted, the admiralty court distributes the limitation fund among the damage claimants in an equitable proceeding known as a concursus.

Id. at 1036 (internal citations and quotation marks omitted).

The court of appeals further observed the "tension between the exclusive jurisdiction vested in admiralty courts to determine the vessel owner's right to limited liability and the saving to suitors clause [of 28 U.S.C. § 1333(1)]," which "embodies a presumption in favor of jury trials and common law remedies in the forum of the claimant's choice." Id. at 1037; accord Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 448 (2001). In an effort to give effect to both provisions, courts have identified two sets of circumstances under which vessel owners may limit their liability and damage claimants can prosecute their injury claims in their preferred fora: 1) where the limitation fund exceeds the aggregate amount of all the possible claims against the vessel owner; or 2) where there is only one claimant. Beiswenger, 86 F.3d at 1037-38 (citing cases). However, in the Eleventh Circuit, claimants may "transform a multiple-claims-inadequate-fund case into the functional equivalent of a single claim case through appropriate stipulations, including stipulations that set the priority in which the multiple claims will be paid from the limitation fund." Id. at 1038. Such stipulations effectively guarantee that the vessel owner will not be exposed to competing judgments in excess of the limitation fund and thereby negate the need for a concursus. Id.

**II.   Analysis**

On June 21, 2012, when Brunson filed his motion to the lift the limitation stay, he was the only claimant in this matter. (Doc. 9-1 at 1). However, as noted above, there are now four claimants before the Court: Brunson, Apex, FlexiCrew, and Chartis. Brunson, who seeks damages in the state court proceeding for his injuries, is the sole damage claimant. Apex, who is a defendant, cross-claimant, and third-party plaintiff in the state court proceeding, demands

indemnity and/or contribution from NWM if it is called upon to pay any money as a consequence of Brunson's injuries and damages. (Doc. 14 at 2-5). FlexiCrew, who is a third-party defendant in the state court proceeding, demands indemnity and/or contribution from Apex and NWM. (Doc. 12 at 5-6; Doc. 32 at 8-9). Finally, in what is styled as a claim for subrogation, FlexiCrew and Chartis jointly demand that NWM reimburse them for any amount that, pursuant to the Longshore and Harbor Workers Compensation Act, 33 U.S.C. §§ 901 *et seq.*, they may be held liable to pay to or on behalf of Brunson. (Doc. 12 at 5-7). Additionally, Apex, FlexiCrew, and Chartis demand from NWM their attorneys' fees and costs of defense. (Doc. 12 at 6-7; Doc. 14 at 3-5).

In an effort to effectively transform this multiple-claims-inadequate-fund case into a single claimant matter, Brunson has offered certain stipulations. The most pertinent of those stipulations are as follows:

> (5)   That he concedes the right of the parties to have all limitation issues tried in this Court;
>
> (6)   The United States District Court for the Southern District of Alabama, Civil Action No. 12-390-KD-N has the exclusive jurisdiction and authority to determine all issues relating to the entitlement of Nature's Way Marine, LLC, to limits its liability to the claimant in the above-captioned civil action pursuant to the Petition of Limitation previously filed by Nature's Way Marine, LLC, including the determination of the value of any limitation fund that may be necessary for the satisfaction of claims against Nature's Way Marine, LLC, as owner of the vessel, Barge NWM 431 or AO 431, and whether or not Nature's Way Marine, LLC has the right to limit its liability to all claimants making claims arising from its ownership and operation of this vessel.
>
> (7)   Claimant herein will not raise in any state court proceeding any question with respect to the right of Nature's Way Marine, LLC to seek limitation of its liability. Further, Claimant stipulates that it is his desire to also protect Nature's Way Marine, LLC from potential liability in this federal court. Claimant will not seek in this federal district court, or any other court, any judgment in excess of whatever amount is determined to be Nature's Way Marine, LLC's limited liability.

(8)     Claimant will not seek in any state court any judgment related to or arising out of Nature's Way Marine, LLC's right to seek limitation of its liability.

(9)     In order to afford sufficient protection from excess liability arising out of third party claims wherein indemnification or contribution is or may be sought by other defendants pending the resolution of all claims in the limitation proceeding, in the event there is any judgment or recovery by Claimant in any state court actions or proceeding of any type in excess of the value of any limitation fund determined in accordance with 46 U.S.C. Sections [sic] 185, in no event will Claimant seek to enforce such excess judgment or recover against Nature's Way Marine, LLC insofar as such enforcement may expose Nature's Way Marine to liability in excess of the limitation by this Court which has the exclusive jurisdiction and authority to determine all issues relevant to Nature's Way Marine LLC's claim for limitation of liability.

(10)    To date no entity or insurance carrier has provided Claimant with any contribution or payments related to the subject personal injury. However, in the event that any party does provide Claimant with some type of payment to which that party would then be entitled repayment or subrogation rights from Claimant's potential recovery against Nature's Way Marine, LLC, Claimant stipulates that the subrogation party will take priority over Claimant's claims against said recovery from Nature's Way Marine, LLC.

(11) Claimant waives any claim of res judicata or issue preclusion that might arise on the basis of any judgment obtained in any state Court relevant to the issue and/or the right of Nature's Way Marine, LLC to limitation of liability based on any judgment or ruling which may be recovered or granted in any state Court.

(Doc. 21 at 1-3).

Brunson contends that the above stipulations adequately protect NWM's right to seek limitation of liability. (Doc. 22 at 5-6). NWM disagrees. NWM reads Beiswenger as permitting a damage claimant to "merge" his claim with only indemnity and contribution claims because indemnity and contribution claims "are directly derivative of the damage claimant's claim." (Doc. 23 at 2). NWM argues that, because FlexiCrew and Chartis have asserted a subrogation claim against NWM, Brunson cannot stipulate around the fact that this is a multiple claimant case. Specifically, NWM argues that a subrogation claim cannot be adequately addressed by a damage claimant's stipulation because "subrogation is independent of and separate from claims asserted by the damage claimant." (Id.).

5

In Beiswenger, the Eleventh Circuit expressly held that the presence of indemnity claims against a shipowner gives rise to a multiple claimant situation necessitating a concursus, unless addressed adequately by stipulation.  Beiswenger, 86 F.3d at 1042.  The Eleventh Circuit rejected the Sixth and Eighth Circuit cases that supported the proposition that an indemnity claim does not create a multiple claims situation because she claim is "merely derivative of" or "derived from and dependent upon" a damage claim.  Id. at 1041-42.  Instead the court addressed the feasibility of stipulations protecting the vessel owner's rights when indemnity and contribution claims were asserted.  The court did not limit its holding to derivative claims.  Thus, whether a multi-claim situation may be adequately addressed by stipulation is not dependent on the claim being derivative of the damage claim.

The court of appeals also rejected Fifth Circuit authority that held that, in order to convert a multiple-claims-inadequate-fund matter into the equivalent of a single claimant matter, all claimants — including the shipowner's co-defendants who might assert claims for indemnity and contribution — must enter into protective stipulations.  Id. at 1042-43 (distinguishing Odeco Oil & Gas Co., Drilling Div. v. Bonnette, 74 F.3d 671 (5th Cir. 1996) and In re Port Arthur Towing Co., 42 F.3d 312 (5th Cir. 1995)).  Accordingly, the court of appeals found that damage claimants alone may "cure[] the 'multiple claims' problem" by setting the priority by which their separate claims are to be paid from the limitation fund and subordinating their claims to those of the non-stipulating indemnity and contribution claimants.  Id. at 1040-43.

In large part, Brunson's stipulations address the concerns that the Eleventh Circuit discussed in Beiswenger.  Specifically, Brunson concedes this Court's exclusive jurisdiction to determine both NWM's entitlement to limit its liability and the value of any limitation fund, waives any claims of res judicata or issue preclusion that might arise on the basis of any state

court judgment relevant to limitation of NWM's liability, agrees not to seek or enforce any judgment in excess of the value of the limitation fund, and subordinates his damage claim to any subrogation claims for payments related to his injuries that Brunson may receive.  (Doc. 21 at 2-3).  However, unlike the stipulations in Beiswenger, Brunson's do not address the claims made for attorneys' fees and costs of defense.  As the Second Circuit observed in In re Dammers & Vanderheide & Scheepvaart Maats Christina B.V., 836 F.2d 750 (2d Cir. 1988), which the Beiswenger court cited with approval, it is "well settled that the potential for claims for attorneys' fees or costs against a shipowner by a claimant or a third party creates a multiple claimant situation necessitating a concursus."  Id. at 756.  Unless and until Brunson subordinates his claims to any claims against NWM for fees and/or costs, the limitation stay must remain in place.

### III. Conclusion

For the foregoing reasons, Brunson's motion to lift the limitation stay (Doc. 9) is **DENIED**; Brunson's motion to expedite (Doc. 17) is **DENIED as moot**; NWM's motion to strike Brunson's stipulations (Doc. 23) is **DENIED**; and NWM's motion to strike Brunson's jury demand (Doc. 28) is **GRANTED**.

**DONE** and **ORDERED** this the 17th day of **September, 2012**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**