IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT ) | |
| OF NATURES WAY MARINE, LLC, ) | |
| *Owner of the Tank Barge NWM 431 or AO 431* ) | CIVIL ACTION NO. 12-00390-KD-N |
| *(Hull No. D 557753) for Exoneration from or* ) | |
| *Limitation of Liability* ) | |

**ORDER**

This matter is before the Court on Apex, LLC's, d/b/a FCC Oilfield Services ("Apex") Motion for Reconsideration, or in the Alternative Motion for Interlocutory Appeal, concerning the Court's September 24, 2013 Order on summary judgment (Doc. 264). (Doc. 268).

**I.     Motion for Reconsideration**

Generally, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." Summit Med. Ctr. of Ala., Inc. v. Riley, 284 F.Supp.2d 1350, 1355 (M.D. Ala. 2003). The decision to grant or deny a motion to reconsider is left to the discretion of the trial court. Chapman v. AI Transp., 229 F.3d 1012, 1023-1024 (11th Cir. 2000) (en banc). "In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." Gougler v. Sirius Prods., Inc., 370 F.Supp.2d 1185, 1189 (S.D. Ala. 2005) (citation omitted). "[A] motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind." King v. Farris, 357 Fed. Appx. 223, 225 (11th Cir. 2009).

The Court previously concluded that Apex failed to satisfy its burden of proving that it

1

was manifestly clear, under applicable Louisiana law, that it was an intended third party beneficiary to the USES-Flexicrew contract. Apex asserts that reconsideration of this ruling is proper to "correct clear error and manifest injustice" and "on the ground of any other reason that justifies relief." In so doing, Apex contends that the Court should have read the contract in conjunction with the deposition testimony of USES corporate representative Tom Bayham ("Bayham"), to establish the parties' intent.

At the outset, Bayham's testimony was before the Court on summary judgment and thus, the arguments and evidence Apex now submits in support of its motion to reconsider are essentially the same as that previously submitted. The Court has already given adequate consideration to same. Nevertheless, the Court finds that none of Apex's arguments sufficiently compel reconsideration of the summary judgment ruling.

Specifically, "[u]nder Louisiana law and jurisprudence, parol evidence is generally inadmissible to vary the contents of a document or to show the intentions of the parties when it is already clear from the fact of the document itself." Guidry v. Hedburg, 722 So.2d 1036, 1038 (La. App. 3 Cir. 1998). If the language of the agreement is explicit and unambiguous, the contract must be enforced as written." (Id. (citing Sanders v. Ashland Oil, Inc., 696 So.2d 1031, 1037 (La. App. 1 Cir. 1997)). See also LA. CIV. CODE Art. 1848. As explained in Braun Welding Supply v. Praxair, Inc., 654 So.2d 388, 291 (La. App. 3 Cir. 1995):

> …[l]egal agreements have the effect of law upon the parties, and, as they bind themselves, they shall be held to a full performance of the obligations flowing therefrom….Courts are bound to give legal effect to all contracts, according to the true intent of the parties, and the intent is to be determined by the words in the contract when they are clear and explicit and lead to no absurd consequences…[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent…As a general rule, parol evidence is inadmissible to vary, modify, explain, or contradict a writing….

2

However, parol evidence is admissible to clarify an ambiguity in a contract purporting to create a stipulation pour autrui. Wuellner Oil & Gas, Inc. v. EnCana Oil & Gas (USA) Inc., 861 F.Supp.2d 775, 783 (W.D. La. 2012).[1] Additionally, parol evidence is admissible to establish the acceptance of a stipulation pour autrui, Mallet v. Thibault, 31 So.2d 601, 605 (La. 1947).

For those reasons detailed in the September 24, 2013 Order (Doc. 264), the Court has already concluded that the USES-Flexicrew contract is unambiguous with regard to the term "owner." As such, under Louisiana law, consideration of Bayham's testimony, to establish the parties' contractual intent vis-à-vis Apex, would be improper.

Moreover, while the Court agrees that the specific name of a third party beneficiary is not required in the contract (and can be agreed to verbally), the contract must nevertheless describe the type of person or entity to be covered (*e.g.*, client) so that the beneficiary is determinable on the day on which the agreement is to have effect for their benefit. See, e.g., First Louisiana Bank v. Morris & Dickson, Co., LLC, 55 So.3d 815, 823-824 (La. App. 2 Cir. 2010); Cooper v. Louisiana Dept. of Public Works, 870 So.2d 315, 331 (La. App. 3 Cir. 2004). And again, for this, Apex bears the burden of proof. Apex thus has to prove that the term "owner," in the indemnification Paragraph 8, applied to it as an undeterminable beneficiary. Apex failed to satisfy this burden based on the facts of the case, and moreover, given its admissions that it "had no 'owner' type capacity or responsibility for the barge[]" (Doc. 201 at 21), and that Natures Way "is the owner[]" (Doc. 187-1 at 3).

In sum, Apex has not provided any evidence or support for its contention that the Court

---

[1] "If ambiguity does exist, then parol evidence is necessary in order for the Court to determine the common intent of the parties on this question…once it has been determined what evidence is admissible to interpret the terms of the contract, Plaintiffs have the heightened burden of showing that contract, as evidenced by the appropriate materials, 'clearly manifests' the parties' intent to create a stipulation pour autrui." Wuellner, 861 F. Supp.2d at 785.

committed clear error, that its decision was manifestly unjust, or that any other reason justifies relief. Apex has neither identified nor articulated grounds meriting reconsideration. Thus, Apex's motion (Doc. 268) is **DENIED.**

## II. Motion for Interlocutory Appeal

Apex moves for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Section 1292(b) provides in relevant part as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order….

28 U.S.C. § 1292(b). An interlocutory appeal pursuant to 28 U.S.C. § 1292(b) which presents an issue to the appellate court before final judgment is not preferred but instead is reserved for exceptional cases. Caterpillar, Inc. v. Lewis, 519 U.S. 61, 74 (1996). First, there must be a "controlling question of law:" a "question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." McFarlin v. Conseco Serv., LLC, 381 F.3d 1251, 1257-1258 (11th Cir. 2004). Second, there must be "substantial ground for difference of opinion." Id. at 1258. Third, the decision on the question certified for appeal should "materially advance the ultimate termination of the litigation." Id. at 1259.

Even assuming a controlling question of law as to whether Apex is entitled to a defense and subsequent indemnity from Flexicrew and substantial ground for difference of opinion on this issue – as Apex contends (Doc. 268 at 11, 18) -- the grounds for interlocutory appeal are not present. A certification would not materially advance the ultimate termination of this litigation and would in fact unnecessarily stall the litigation. The primary claim in this case is that of the

4

longshoreman Mr. Brunson, discovery has ended, this case is set for a settlement conference on October 28, 2013, and trial is scheduled for January 2014.

As such, Apex has not met its burden of establishing the exceptional circumstances necessary for this Court to certify an interlocutory appeal. Accordingly, Apex's motion for interlocutory appeal (Doc. 268) is **DENIED.**

**DONE** and **ORDERED** this the **11th** day of **October 2013.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**